# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-60328
Summary Calendar

_____

ROBERT E. LEWIS,

Plaintiff-Appellant,

versus

CHARLIE WEST, Owner, Mid-Delta Bonding Company; TIMOTHY
TOWNSEND, Police Officer, Cleveland, MS; GILL DENLEY,
Police Officer, Cleveland, MS, also known as John Doe Gill;
CLEVELAND POLICE DEPARTMENT; H. M. "MACK" GRIMMETT, Sheriff,
Bolivar County, MS; CHARLES ANDERSON; BILLY JOE ESTES; LAWRENCE
MELLEN; ROSIE S. SIMMONS, Circuit Clerk, Bolivar County, MS;
KIRK FORDICE; RICHARD COLEMAN; MID-DELTA BONDING COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:97-CV-16-B)
_____

January 18, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert E. Lewis, Mississippi prisoner # 79267, appeals, *pro se,* the dismissal of his 42 U.S.C. § 1983 complaint (claimed extradited improperly from Tennessee, beaten, and denied medical treatment), pursuant to the defendants' FED. R. CIV. P. 50 motion for judgment as a matter of law, made at the non-jury evidentiary hearing before the magistrate judge. The district court adopted the magistrate judge's recommendation in this regard.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis, who did *not* request a jury trial, contends that the magistrate judge did *not* have such hearing-authority, because he did *not* so consent under 28 U.S.C. § 636(c).  However, as the district court noted, the magistrate judge had such authority, pursuant to 28 U.S.C. § 636(b)(1)(B), in conjunction with submitting a report and recommendation.  *See **McCarthy v. Bronson***, 500 U.S. 136, 139 (1991) (noting that statute's text indicates "Congress intended to authorize the nonconsensual reference of *all* prisoner petitions to a magistrate [judge]") (emphasis in original).

Lewis also asserts that the court erred by finding that defendants West, Townsend, and Denley were *not* acting under color of state law when they apprehended him, following his failure to appear pursuant to the terms of his bail bond.  But, Lewis did *not* provide on appeal a transcript of the evidentiary hearing, as is his burden.  *See **United States v. Coveney***, 995 F.2d 578, 587 (5th Cir. 1993); *see also* FED. R. APP. P. 10(b); FED. R. APP. P. 11(a).  Because Lewis failed to do so, we *cannot* properly review his claim.  *See **United States v. Hinojosa***, 958 F.2d 624, 632 (5th Cir. 1992).

The other "issues" raised by Lewis in his appellate brief address the merits of his claim, which the district court did *not* reach, pursuant to the adopted report and recommendations.

*AFFIRMED*